IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CR-145-1FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OSCAR LEE MITCHELL, | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions filed by Defendant Oscar Lee Mitchell on February 15, 2022:

1. Motion for Production of Favorable Evidence [DE #26];
2. Motion to Require Early Disclosure of Witness Statements [DE #27];
3. Motion to Sequester Witnesses [DE #28];
4. Motion to Reveal the "Deal" [DE #29];
5. Motion to Disclos[e] Rule 404(b) Evidence [DE #30]; and
6. Motion for Disclosure of Impeaching Information [DE #31].

The Government has responded to Defendant's motions (Gov't Resp. [DE #32]), and the time for further filings has expired. The motions were referred to the undersigned for decision by United States District Judge Louise W. Flanagan.

## BACKGROUND

On September 2, 2020, Defendant was named in a two-count indictment charging him with two counts of distribution of cocaine base (crack), in violation of 21

U.S.C. § 841(a)(1). Arraignment is scheduled for the court's March 18, 2022, criminal term.

## DISCUSSION

I.  Motion for Production of Favorable Evidence [DE #26]

Defendant seeks disclosure from the Government of all evidence favorable to Defendant and material to the credibility of any Government witness or relevant to punishment, pursuant to Fed. R. Crim. P. 16 and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as interpreted by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. (*See* Mot. Prod. Favorable Evid. at 3 ("The defendant is merely respectfully requesting that the Government comply with its constitutional duty.").) This motion is denied without prejudice for several reasons.

First, to the extent this motion is effectively a motion to compel production of evidence, it is subject to Local Crim. R. 16.1 (E.D.N.C. Dec. 2019), which requires counsel to certify that a request for discovery was made and denied and that counsel have conferred regarding this dispute before filing a motion to compel. Local Crim. R. 16.1; *see also* Local Crim. R. 12.2 (requiring a "statement that agreement could not be reached concerning the discovery or inspection that is the subject of the motion and the reasons given for the same") (E.D.N.C. Dec. 2019). Defendant's motion does not demonstrate that counsel has complied with this court's Local Criminal Rules and is, therefore, subject to denial on that ground. Second, this court previously entered an order, both orally and in writing, pursuant to Fed R. Crim. P. 5(f)(1), regarding

the Government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. (9/29/2021 Text Order and 9/29/2021 Minute Entry [DE #7].) Defendant's motion is therefore redundant and subject to denial for this reason. Third, the Government indicates it is aware of its obligations under *Brady* and represents that it has already provided broad discovery to Defendant. (Gov't Resp. at 2–3.) The court credits the Government's assertion, and Defendant has provided no reason to disbelieve the Government's assertion. Lastly, Defendant's motion is premature at this time given that he has yet to be arraigned. Accordingly, Defendant's motion is DENIED without prejudice.

## II. Motion to Require Early Disclosure of Witness Statements [DE #27]

Defendant requests early disclosure (one week before jury selection) of Jencks Act materials. (Mot. Early Disclosure Witness Stmts. at 1.) The Government is obligated to disclose witness statements in its possession *after* a witness has completed his testimony on direct examination. 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2(a). As such, this motion is premature. Moreover, the Government states in its response that it has already provided early disclosure of some Jencks Act materials to Defendant and will continue to fulfill its obligations under the Jencks Act such that any material is disclosed with sufficient time for its effective use at trial. (Gov't Resp. at 6–7.) Therefore, the motion is DENIED.

### III. Motion to Sequester Witnesses [DE #28]

Defendant seeks an order excluding all Government and defense witnesses from the courtroom during trial. "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Furthermore, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial." *United States v. McCall*, No. 5:12-CR-351-10F, 2013 WL 2382306, at *1 (E.D.N.C. May 30, 2013) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000)). Pursuant to the rule, the Government may exempt from sequestration one investigative agent involved in the criminal prosecution. *See* Fed. R. Evid. 615(b) (exempting from exclusion "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"). "Under this exception [to Rule 615], the district court may allow the government's chief investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify." *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986).

The Government does not oppose a sequestration order but requests that one agent be permitted remain in the courtroom during the trial. (Gov't Resp. at 8.) Accordingly, Defendant's motion to sequester witnesses is GRANTED. Should the case proceed to trial, the court orders sequestration of all testifying witnesses with the exception of one case agent designated by the United States and such other witnesses as the court may determine are essential to the presentation of a party's

claim or defense. All witnesses shall be prohibited from revealing any trial testimony to a witness that has not yet testified.

IV. **Motion to Reveal the "Deal" [DE #29] and Motion for Disclosure of Impeaching Information [DE #31]**

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and *United States v. Bagley*, 473 U.S. 667 (1985), Defendant requests that the Government produce information regarding any agreement entered into between it or any law enforcement agency and a prosecution witness and, more generally, any impeaching material related to any prosecution witness. The Government indicates its awareness of its obligations under *Giglio* and its progeny, and states that it expects to provide any *Giglio* material relating to confidential informants one week before trial. (Gov't Resp. at 4–5.) The court credits this assertion and notes that the Fourth Circuit has expressly held that that such evidence must be disclosed "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). The court further notes that this court has previously ruled that providing *Giglio* and other impeaching information one week before trial is sufficient. *United States v. Davis*, No. 7:17-CR-27-1FL, 2018 WL 6112410, at *2 (E.D.N.C. Nov. 21, 2018). Accordingly, Defendant's motions [DE ##29, 31] are DENIED without prejudice for this reason and further because, as explained above, Defendant effectively seeks to compel production from the Government but has not certified compliance with this court's Local Rules.

## V. Motion for Disclosure of Rule 404(b) Evidence [DE #30]

Defendant seeks an order requiring the Government to disclose (i) any evidence pursuant to Fed. R. Evid. 404(b) it plans to introduce at trial at least "five (5) working days" before trial, and (ii) the names and addresses of any witnesses the Government intends to call at trial. (Mot. Disclosure Rule 404(b) Evid. at 2.) The Government indicates its awareness of its obligation under Rule 404(b) to provide "reasonable notice" of its intent to offer such evidence and indicates that it would not oppose an order requiring such notice one week before trial. (Gov't Resp. at 7–8.)

Defendant's motion is GRANTED IN PART and DENIED IN PART. As to any evidence it intends to introduce under Rule 404(b), the Government shall provide notice of its intent to introduce such evidence, and the general nature of such evidence, one week before trial. *See Davis*, 2018 WL 6112410, at *1. The Government is not ordered, however, to disclose any such evidence itself. *Id.* As to Defendant's request for the Government's witness list, Defendant's motion is DENIED without prejudice. Defendant has failed to cite any authority justifying such an order, and given the pre-arraignment posture of the case, such an order would be premature.

## CONCLUSION

For the foregoing reasons, the court enters the following orders:

    1.    Defendant's Motion for Production of Favorable Evidence [DE #26] is DENIED without prejudice;

    2.    Defendant's Motion to Require Early Disclosure of Witness Statements [DE #27] is DENIED;

3. Defendant's Motion to Sequester Witnesses [DE #28] is GRANTED on the terms set forth above;

4. Defendant's Motion to Reveal the "Deal" [DE #29]; is DENIED without prejudice;

5. Defendant's Motion to Disclose Rule 404(b) Evidence [DE #30] is GRANTED IN PART and DENIED IN PART on the terms set forth above; and

6. Defendant's Motion for Disclosure of Impeaching Information [DE #31] is DENIED without prejudice.

This 11th day of March 2022.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge